IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| ANDRE J. HUNT, | ) | CASE NO. 1:17 CV 1444 |
|---|---|---|
| Plaintiff, | ) ) ) | MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR. |
| v. | ) ) | **MEMORANDUM OPINION &** |
| FRANK SUNQUIST, *et al.*, | ) ) | **ORDER** |
| Defendants. | ) | |

## Introduction

Before me[1] is a *pro se* prisoner civil rights action under 42 U.S.C. §1983 by Andre J. Hunt against Frank Sunquist and Mark Ashcroft.[2] Hunt has twice moved for appointment of counsel.[3] The defendants have not responded to either motion.

## Analysis

It is well-settled that plaintiffs in civil cases do not have a federal constitutional right to counsel.[4] Rather, appointed counsel in such cases is "a privilege that is justified only by exceptional circumstances."[5] In that regard, courts look to the type of case and the ability of the plaintiff to represent himself, and conduct this analysis in the context of the

---

[1] Upon the parties' consent to my exercise of jurisdiction, the matter was transferred to me by United States District Judge James S. Gwin. ECF No. 23.

[2] ECF No. 1.

[3] ECF Nos. 19, 24.

[4] *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (citation omitted).

[5] *Id.* at 606 (internal quotations omitted) (citations omitted).

complexity of the factual and legal issues involved.[6] That decision is committed to the discretion of the court.[7] A request for appointment of counsel by a prisoner alleging excessive force under §1983 is analyzed under this standard.[8]

Here, both the facts and the applicable law are straightforward and the number of parties involved is acknowledged to be limited. Hunt alleges that he was physically assaulted by the defendants when they responded to Hunt's jail cell after Hunt "had flooded [it] with water from the toilet and sink."[9] This allegation does not involve a level of legal or factual complexity that would warrant the appointment of counsel for Hunt.

Moreover, the mere fact that Hunt is 20 years old[10] does not, of itself, constitute an exceptional circumstance warranting the appointment of counsel.[11] While extreme youth[12] or advanced age[13] may itself be indicative of a plaintiff's inability to represent himself, the "exceptional circumstances" test centers on the demonstrated skills of each individual plaintiff, regardless of age. At this stage of the proceedings, a plaintiff exhibits his ability

---

[6]*Id.* (citations omitted).

[7]*Id.*

[8]*Shavers v. Bergh*, 516 Fed. App'x 568, 571 (6th Cir. 2013).

[9]ECF No. 1 at 3-4.

[10]ECF No. 19 at 2.

[11]*Pickard v. Vacek*, No. 1:07-CV-817, 2008 WL 11348005, at *2 (E.D. Texas Jan. 10, 2008).

[12]*Gray v. Highland Gardens School*, No. 2:12CV482-WKW, 2013 WL 776273, at *2 (M.D. Alabama Jan. 31, 2013).

[13]*Austin v. Walker*, No. 16-cv-2088 CAB (JLB), 2017 WL 1155386, at *1 (S.D. California Mar. 28, 2017).

to represent himself by submitting, as Hunt has done, "coherent and legible pleadings" that "reflect[] [the plaintiff's] ability to express himself to the Court."[14] Further, Hunt's other claim that he is unfamiliar with the legal system[15] is simply "a common issue among *pro se* prisoner litigants" that does not state an exceptional circumstance warranting the appointment of counsel.[16]

Accordingly, for the reasons stated above, Hunt's motions for appointment of counsel[17] are denied without prejudice.


Dated: August 23, 2018        s/ William H. Baughman, Jr.
                              United States Magistrate Judge

---

[14]*Price v. Rees*, No. 5:06CV-P186-R, 2008 WL 347811, at *1 (W.D. Ky. Feb. 7, 2008).
[15]ECF No. 19 at 2.
[16]*Wooten v. Kahn*, No. 16-11642-DJC, 2016 WL 5346932, at *2 (D. Mass. Sept. 22, 2016).
[17]ECF Nos. 19, 24.