IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE J. HUNT, | ) | CASE NO. 1:17 CV 1444 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| FRANK SUNQUIST, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendants. | ) | **ORDER** |

## Introduction

Before me[1] is Andre Hunt's *pro se* prisoner civil rights/excessive force action under 42 U.S.C. § 1983 against Frank Sunquist and Mark Ashcraft.[2] Defendant Ashcraft has moved to dismiss the complaint as time-barred,[3] and also for summary judgment.[4] Defendant Sunquist has moved to dismiss the complaint for failure to state a claim upon which relief may be granted.[5] Hunt has not opposed any of the motions.

For the reasons that follow, Ashcraft's motion to dismiss the matter as time-barred[6] will be denied, as will Sunquist's motion to dismiss for failure to state a claim,[7] which is

---

[1] The parties have consented to my exercise of jurisdiction. ECF No. 23.
[2] ECF No. 1.
[3] ECF No. 12.
[4] ECF No. 25.
[5] ECF No. 13.
[6] ECF No. 12.
[7] ECF No. 13.

specifically premised on the same grounds. Ashcraft's motion for summary judgment[8] will be denied.

## Facts

The facts relevant to the present motion are brief and not disputed.

On July 6, 2015, Hunt was incarcerated at the Ashtabula County Jail where Ashcraft was a corrections officer.[9] That day, Hunt, by his own admission, intentionally flooded his cell with water from his toilet and sink.[10] As a result of that action, it was necessary for jail authorities to remove Hunt from his cell.[11]

During that removal process, Hunt maintains that defendant Sunquist handcuffed Hunt's hands behind his back and held his head inside the cell toilet before removing it and slamming Hunt against a door.[12] Hunt also maintains that immediately after this incident, Sunquist and Ashcraft escorted him to an isolation cell, during which event Sunquist punched Hunt in the face and head.[13] At the time, Hunt did not request medical treatment, nor did he manifest any injury that would have demonstrated a need for medical treatment.[14] The record indicates that the only visible mark on Hunt's body was a bruise on his leg, and that the only follow-up treatment sought by Hunt was for his "paranoia" created by the event.[15]

---

[8] ECF No. 25.
[9] *Id.* at 2 (citing record).
[10] *Id.* (citing record).
[11] *Id.* (citing record).
[12] *Id.* at 2-3 (citing record).
[13] *Id.* at 3 (citing record).
[14] *Id.* (citing record).
[15] *Id.* (citing record).

The present action was filed in this Court on July 10, 2017.[16] The complaint itself indicates that it was signed by Hunt while incarcerated on July 5, 2017.[17]

## Analysis

**A.** **Standards of review**

*1.* *Failure to state a claim upon which relief may be granted*

In adjudicating a motion to dismiss for failure to state a claim upon which relief may be granted the court is required to "accept all well-pleaded allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff."[18] Although the complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[19] Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[20] In that regard, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21]

---

[16] ECF No. 1.
[17] *Id.* at 5.
[18] *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007) (internal quotation and citation omitted).
[19] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted).
[21] *Id.*

## 2. *Summary judgment*

The court should grant summary judgment if satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[22] The moving party bears the burden of showing the absence of any such "genuine issue":

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.[23]

A fact is "material" only if its resolution will affect the outcome of the lawsuit.[24] Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.[25] The court will view the summary judgment motion "in the light most favorable to the party opposing the motion."[26]

The court should grant summary judgment if a party who bears the burden of proof at trial establishes each essential element of his case.[27] Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[28]

---

[22] Fed. R. Civ. P. 56(c).
[23] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).
[24] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).
[25] *Id.* at 252.
[26] *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).
[27] *McDonald v. Petree*, 409 F.3d 724, 727 (6th Cir. 2005) (citing *Celotex*, 477 U.S. at 322).
[28] *Leadbetter v. Gilley*, 385 F.3d 683, 690 (6th Cir. 2004) (quoting *Anderson*, 477 U.S. at 248-49) (internal quotation omitted).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.[29] The nonmoving party may not simply rely on its pleadings but must "produce evidence that results in a conflict of material fact to be solved by a jury."[30] Moreover, if the nonmovant presents evidence "merely colorable" or not "significantly probative," the court may decide the legal issue and grant summary judgment.[31] "In other words, the movant can challenge the opposing party to 'put up or shut up' on a critical issue."[32]

In sum, proper summary judgment analysis entails the threshold inquiry of determining whether there is the need for a trial – "whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[33]

**B.      Application of standards**

*1.      Failure to state a claim/timeliness*

In actions alleging a constitutional tort, the federal court utilizes the statute of limitations for a personal tort from the state where the claim arose.[34] The applicable statute of limitations in Ohio for actions brought under 42 U.S.C. § 1983 is two years.[35]

---

[29] *Id.*
[30] *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).
[31] *Anderson*, 477 U.S. at 249-50 (citation omitted).
[32] *BDT Prods. v. Lexmark Int'l*, 124 F. App'x 329, 331 (6th Cir. 2005) (internal quotation omitted).
[33] *Anderson*, 477 U.S. at 250.
[34] *Owens v. Okure,* 488 U.S. 235, 250-51 (1989).
[35] Ohio Revised Code § 2305.10; *Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989).

The incident giving rise to Hunt's claim occurred on July 6, 2015. Accordingly, the applicable limitations period for bringing a claim under 42 U.S.C. § 1983 related to that incident would expire on July 6, 2017. The current action was filed July 10, 2017.

Although the matter was not filed until July 10, Hunt signed the complaint on July 5, 2017 while incarcerated, raising the question of whether the prison mailbox rule would apply so as to make the date of the signature, and not the date of actual filing, the relevant date for computing the statute of limitations.

The Sixth Circuit addressed this specific issue in *Aldridge v. Gill*,[36] where the Court stated: "The 'mailbox rule' of *Houston v. Lack* applies to the filing of § 1983 suits under the applicable, state statute of limitations."[37] Accordingly, because Hunt signed his complaint within the relevant time period, the complaint is deemed filed on July 5, 2017, and so is timely.

## 2. *Ashcraft is not entitled to summary judgment*

A viable action for use of excessive force under § 1983 involves an inquiry into whether the force employed was applied in good faith to maintain or restore discipline, or used maliciously or sadistically to cause harm.[38] Here, Ashcraft maintains that because he

---

[36] 24 F. App'x 428 (6th Cir. 2001).
[37] *Id.* at 429 (citing, *e.g.*, *Cooper v. Brookshire*, 70 F.3d 377, 378 (5th Cir. 1995) (collecting cases)).
[38] *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

6

personally is not alleged to have used any force on Hunt, "he cannot be liable for the tortious conduct alleged."[39]

In fact, the Sixth Circuit has long recognized that an officer who fails to act to prevent the use of excessive force may himself be liable under § 1983 when he observed excessive force being used and had both the opportunity and the means to stop it.[40] Reading the allegations of the complaint in a light most favorable to Hunt, this is precisely what is being alleged against Ashcraft.

Ashcraft's affidavit[41] only provides evidence that Ashcraft personally did not employ excessive force against Hunt while Hunt was being handcuffed and removed from his cell,[42] nor when Hunt was being escorted to an isolation cell.[43] Left unaddressed is the critical issue of whether any excessive force was used in Ashcraft's presence and/or whether he had the ability to intervene. Ashcraft's affidavit states that Hunt did not ask for medical treatment at the time[44] and did not have any apparent injuries.[45] But neither failing to ask for medical treatment nor a lack of visible injuries are dispositive of whether excessive force was used. Rather, the "core inquiry" for an excessive force claim is "not whether a certain quantum of injury was sustained," but whether the force used was used

---

[39] ECF No. 25 at 5.
[40] *Amerson v. Waterford Twp.*, 562 F. App'x 484, 489 (6th Cir. 2014) (citation omitted).
[41] ECF No. 25, Attachment 1.
[42] *Id.* at ¶ 6.
[43] *Id.* at ¶ 8.
[44] *Id.* at ¶ 9.
[45] *Id.* at ¶ 10.

7

in good faith to maintain or restore discipline or maliciously and sadistically to cause harm.[46] The Supreme Court has "put to rest" the "seriously misguided view" that an excessive force claim is actionable only when it is coupled with a serious injury "that requires medical attention or leaves permanent marks."[47]

Hunt's complaint here includes multiple pages of his original prison complaint and the subsequent investigation that present a genuine question of material fact as to what force was used, what Ashcraft observed at the time, and what his capacity was for intervention.[48] An investigative report on a claim of excessive force may be considered as Rule 56 evidence where, as here, it has not been objected to by the opposing party.[49]

## Conclusion

For the reasons stated, Ashcraft's motion to dismiss[50] and Sunquist's motion on the same theory to dismiss for failure to state a claim[51] are denied. Ashcraft's motion for summary judgment[52] is denied.

IT IS SO ORDERED.

Dated: October 5, 2018        s/ William H. Baughman, Jr.
                              United States Magistrate Judge

---

[46] *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (internal quotation and citations omitted).
[47] *Id.* (internal quotation and citation omitted).
[48] ECF No. 1, Attachment 4.
[49] *See Hayes v. District of Columbia*, 923 F. Supp. 2d 44, 46 n.2 (D.D.C. 2013).
[50] ECF No. 12.
[51] ECF No. 13.
[52] ECF No. 25.