UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE J. HUNT, | ) | CASE NO.: 1:17-cv-01444 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| FRANK SUNDQUIST, et al., | ) | **DEFENDANT MARK ASHCRAFT'S** |
| | ) | **TRIAL BRIEF** |
| Defendants. | ) | |

Defendant Mark Ashcraft, by and through undersigned counsel, and pursuant to this Court's Trial Order submits his Trial Brief.

## I. INTRODUCTION

Plaintiff Andre Hunt brings this lawsuit for an incident that occurred on July 6, 2015 at the Ashtabula County Jail. Although his Complaint does not state specific claims, Plaintiff's general allegations are that Defendant Frank Sundquist used excessive force upon him while Plaintiff was an inmate at the Ashtabula County Jail, and that Defendant Mark Ashcraft failed to intervene during the alleged use of excessive force. Any claims of excessive force in violation of the Eighth Amendment are constitutional tort actions under 42 U.S.C. § 1983, and Plaintiff's vague civil rights allegations are presumably also § 1983 claims brought under the Fourteenth Amendment.

## II. STATEMENT OF FACTS

### A. Summary of Relevant Facts

Plaintiff Andre Hunt was a pretrial detainee in the Ashtabula County Jail on July 6, 2015, awaiting trial on charges of aggravated robbery. He had been placed in solitary lock-up after assaulting a fellow inmate several days prior. In an alleged effort to use the phone on the jail floor,

1

Plaintiff decided to flood his cell by placing his sheets and covers in the toilet and in the sink of his cell while running the water.

Upon receiving a report of Plaintiff's cell flooding, Corrections Officer Defendants Sundquist and Ashcraft responded to Plaintiff's floor where they discovered water in and around Plaintiff's cell area. The Officers instructed Plaintiff to get on the floor prior to entering Plaintiff's cell. Officer Sundquist entered Plaintiff's cell and found Plaintiff on the floor, on his stomach. Officer Ashcraft drew his taser and stood near the door of Plaintiff's cell but at no time discharged the taser. Officer Sundquist then placed his knee on Plaintiff's back; handcuffed Plaintiff; and began escorting him out of the cell. Surveillance video demonstrates that the Officers entered and left the cell in a span of approximately 27 seconds.

Plaintiff alleges that Officer Sundquist pushed and held Plaintiff's face into the water that was still on the floor of the cell. Officer Sundquist testified that he was concerned with where Plaintiff's hands were at the time and denied using force in an attempt to "drown" Plaintiff. Officer Sundquist maintains that reasonable force in securing and transporting Plaintiff was utilized. Plaintiff does not allege that Officer Ashcraft utilized any force on him at this point.

Plaintiff next claims that on the way out of the cell block, Officer Sundquist used Plaintiff's body to push open a partially ajar door. Plaintiff does not allege Officer Ashcraft utilized any force on him at this point.

Officers Sundquist and Ashcraft escorted Plaintiff to the elevator to take Plaintiff to the first floor booking area. Per policy, Officer Sundquist placed Ashcraft against the back wall of the elevator, albeit in the corner. Plaintiff alleges that Officer Ashcraft asked him a question, and he turned to respond. At that moment, Officer Sundquist is alleged to have forcefully pushed Plaintiff into the corner of the elevator, rendering Plaintiff unable to respond. Officer Sundquist testified

that he was concerned that Plaintiff could be turning to spit on the Officers and any push was to reassert control of Plaintiff. Plaintiff does not allege Officer Ashcraft utilized any force on him at this point. Surveillance video demonstrates that any use of force in the elevator lasted approximately 2 seconds.

Upon arrival at the first floor, the Officers took Plaintiff to Interview Room #2 which contained benches for inmate security. Officer Ashcraft bent down to shackle Plaintiff's legs to the bench. At that moment, Plaintiff alleges Officer Sundquist said something to the effect of "if you kick my partner, I will fucking kill you" and that Officer Sundquist placed his hands on or around Plaintiff's throat. Plaintiff claims Officer Sundquist was choking him. Officer Ashcraft testified that Officer Sundquist had his hands on Plaintiff for no longer than 2 seconds. After Plaintiff was shackled to the bench, both Officers left. Plaintiff does not allege Officer Ashcraft utilized any force on him at this point.

At no time during the incident did Plaintiff request medical care or attention. Plaintiff's only alleged physical injury is a bruise on his left leg.

### B.  Plaintiff's Admissions

Plaintiff has made several binding admissions in this case based upon his responses to Defendant Ashcraft's Requests for Admissions. These include:

1. On July 6, 2015, I flooded my cell at the Ashtabula County Jail with water from the toilet and sink.

2. I intentionally flooded my cell on July 6, 2015 at the Ashtabula County Jail.

3. It was necessary for correctional officers to remove me from my flooded cell at the Ashtabula County Jail on July 6, 2015.

4. My Complaint filed in this action alleges that Correctional Officer Sundquist handcuffed my hands behind my back.

3

5. I did not make any allegation against Officer Ashcraft that he handcuffed me.

6. I did not make any allegation against Officer Ashcraft that he held me down in the jail cell.

7. I made no allegation in my Complaint that Officer Ashcraft struck me or used excessive force against me.

8. The sole mark on my body following the July 6, 2015 incident described in my Complaint was a bruise on my leg.

### III. ISSUES OF FACT

1. Did Plaintiff suffer any injury as a result of his contact with Defendants on July 6, 2015?

2. Did Defendant Sundquist use force against Plaintiff other than for maintenance of control and transport on July 6, 2015?

3. Did Defendant Ashcraft have a duty to intervene in Defendant Sundquist's alleged use of force?

4. Did Defendant Ashcraft have the opportunity and the means to intervene in Defendant Sundquist's alleged use of force?

### IV. CONTROLLING LAW

**A. Excessive Force**

Any use of force must be evaluated "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," as police must often make "split-second" decisions in "rapidly-evolving" situations. *Graham v. Connor*, 490 U.S. 386, 396–97 (1989).

A pretrial detainee or inmate plaintiff must prove the following for an excessive force claim under the Fourteenth or Eighth Amendment by a preponderance of the evidence:

(1) The defendant, while acting under color of law, used force against him;

 (2) Maliciously and sadistically and for the purpose of punishment and not as reasonably necessary to restore order or maintain discipline; and

 (3) Such force caused the plaintiff;

 (4) Some pain or injury.

*See id.* at 397.

### B. Failure to Intervene

A plaintiff alleging failure to intervene against an officer must demonstrate more than a defendant's mere presence during the physical contact, restraint, or altercation. *Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir.2013).

A plaintiff must prove by a preponderance of the evidence that:

 (1) The defendant observed or had reason to know that excessive force would be or was being used against the plaintiff; and

 (2) The defendant had both the opportunity and means to prevent the harm from occurring.

*Turner v. Scott*, 119 F.3d 425, 429 (6th Cir.1997)

To demonstrate that the defendant had the opportunity and means to prevent the harm from occurring, the plaintiff must demonstrate that the incident lasted long enough for the defendant to both perceive what was going on and intercede to stop it. *Burgess*, 735 F.3d at 475.

### V.  LEGAL ISSUES GIVING RISE TO POSSIBLE FED.R. 50 MOTIONS

### A. Plaintiff's Lack of Injury

One element of an excessive force claim (and of a claim of failure to intervene dependent on the existence of excessive force) is that the plaintiff must suffer some harm. Here, Plaintiff has admitted, through his Responses to Defendant Ashcraft's First Set of Requests for Admission, that the only mark on his body following the July 6, 2015 incident was a bruise on his leg. Moreover,

Plaintiff has not identified in this litigation or in his exhibits list any medical records – including records for psychological treatment – that he will introduce at trial.

The Sixth Circuit has held that, in the context of a § 1983 excessive force claim, a plaintiff can recover compensatory damages only if he proved actual injury caused by the denial of his constitutional right. *Ealy v. City of Dayton*, No. 95-3969, slip op. at 3 (6th Cir. Dec. 16, 1996)(citing *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir.1994), *cert. denied*, 115 S.Ct. 199 (1994)). Here, Plaintiff has not offered any evidence demonstrating that the bruise to his leg was actually caused by the conduct of Defendants.

Plaintiff's lack of evidence towards any physical injury is also fatal to any alleged claim of a psychological injury. 42 U.S.C. § 1997(e) explicitly states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).").

Further, Plaintiff has not identified an expert as to causation between the July 6, 2015 incident and any alleged physical or psychological harm. "A jury should not be allowed to speculate as to causation, and to eliminate that speculation an expert witness may be necessary." *Bouchard v. Am. Home Prods. Corp.,* 213 F.Supp.2d 802, 806 (N.D.Ohio 2002)(citing *Turpin v. Merrell Dow Pharm., Inc.,* 959 F.2d 1349 (6th Cir.1992); *see also Krutko v. Franklin Cty., Ohio*, S.D.Ohio No. 2:11-CV-610, 2016 WL 455397, *4 ("PTSD, depression, hepatic cysts, and pulmonary lesions are conditions whose diagnoses would require specialized medical knowledge or experience.") (citing *Tomlinson v. Collins*, No. 2:09-cv-125, 2011 WL 478835, at *8 (S.D. Ohio Feb. 7, 2011)).

Absent actual physical injury, or an expert to provide a causal link between the subject incident and any harm, Plaintiff does not have an injury that gives rise to a valid excessive force or failure to intervene claim.

### B. Ashcraft Did Not Have the Opportunity or Means to Prevent Alleged Harm to Plaintiff

To demonstrate that Defendant Ashcraft had the opportunity and means to prevent the harm from occurring to Plaintiff, the incident must have lasted long enough for Defendant Ashcraft to both perceive what was going on and intercede to stop it. *Burgess*, 735 F.3d at 475. Each and every incident of excessive force alleged by Plaintiff occurred over seconds. The Sixth Circuit has "recognized a duty of protection only where the 'underlying episode of excessive force ... spanned a sufficient period of time for a nearby defendant to both perceive what was happening and intercede to stop it.' *Ontha v. Rutherford Cnty.,* 222 Fed.Appx. 498, 506 (6th Cir.2007). *Compare id.* at 501, 506–07 (finding no failure to intervene where instance of excessive force lasted six or seven seconds) *with Durham v. Nu'Man,* 97 F.3d 862, 868 (6th Cir.1996) (reversing award of summary judgment for the defendant where a beating "lasted approximately ten minutes" and the defendant nurse 'watched the beating unfold on her monitor from the nurse's station, and then from the doorway of ... the room where the beating took place')." *Kowolonek v. Moore*, 463 Fed.Appx. 531, 539 (6th Cir.2012).

Since Defendant Ashcraft did not violate Plaintiff's constitutional rights via an alleged failure to intervene, he is thus entitled to qualified immunity for his actions. *Rondigo, L.L.C. v. Township of Richmond,* 641 F.3d 673, 681 (6th Cir.2011) (holding that qualified immunity protects state officials who perform discretionary functions from civil liability so long as their conduct does "not violate clearly established statutory or constitutional rights of which a reasonable person would have known.") (quoting *Pearson v. Callahan* 555 U.S. 223, 231 (2009)).

7

Respectfully submitted,

/s/  Kenneth E. Smith
TIMOTHY T. REID (0007272)
VERONICA T. GAROFOLI (0093345)
KENNETH E. SMITH (0090761)
JOHN P. BACEVICE JR. (0087306)
MANSOUR GAVIN LPA
North Point Tower
1001 Lakeside Avenue, Suite 1400
Cleveland, Ohio  44114
(216) 523-1500; Fax (216) 523-1705
treid@mggmlpa.com
vgarofoli@mggmlpa.com
ksmith@mggmlpa.com
jbacevice@mggmlpa.com
*Attorneys for Defendant Mark Ashcraft*

## CERTIFICATE OF SERVICE

A copy of the foregoing DEFENDANT MARK ASHCRAFT'S TRIAL BRIEF was electronically filed on this 28th day of October 2019 with notice and access to this filing sent to all parties by operation of this Court's electronic filing system.

/s/  Kenneth E. Smith
TIMOTHY T. REID (0007272)
VERONICA T. GAROFOLI (0093345)
KENNETH E. SMITH (0090761)
JOHN P. BACEVICE JR. (0087306)
*Attorneys for Defendant Mark Ashcraft*

8