IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE J. HUNT, | ) | CASE NO. 1:17CV1444 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| FRANK SUNDQUIST, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |

**I.**

On November 18, 2019, trial begins in this case, which involves the alleged use of excessive force against Andre J. Hunt as a pretrial detainee in the Ashtabula County Jail. On November 12, 2019, Mark Ashcraft, one of the defendants in the case whom Hunt accuses of having failed to come to his rescue, filed a motion to bifurcate the punitive damages phase of trial.[1] On November 15, 2019, I issued a non-document order denying that motion. This order explains my decision.

**II.**

A motion to bifurcate like Ashcraft's finds legal support under Fed. R. Civ. P. 42(b), which provides:

> **(b) Separate Trials.** For convenience, to avoid prejudice, or to

---
[1] ECF #89.

expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Ashcraft bases his motion on two key assumptions. In the event the jury finds for Hunt on the issue of liability, Ashcraft assumes the jury will award only nominal damages, and the jury will then turn to punitive damages to reward Hunt.[2]

Hunt objects to Ashcraft's bifurcation motion on a number of grounds.[3] He contends that his case is not so exceptional or complicated as to warrant the suggested bifurcation, though he does not deny that I have the discretion to order bifurcation.[4] He raises concerns over inconvenience to witnesses, and notes that at least some overlap in the narrative and evidence exists on liability and punitive damages.[5] As a result, minimal if any time savings will result—in fact more time might be needed to conduct a bifurcated trial.[6]

Ashcraft's co-defendant, Frank Sundquist, did not join in the motion. The arguments Ashcraft makes in support, though, would seem to favor Sundquist's position as well.

## III.

The law governing a trial court's ability to bifurcate a trial is well-settled on

---

[2] *Id*. at 2.
[3] ECF #94.
[4] *Id*. at 1.
[5] *Id*. at 3.
[6] *Id*. at 4.

2

numerous points. Key among them is the trial court's discretion. "The language of Rule 42(b) places the decision to bifurcate within the discretion of the district court."[7] While only one of Rule 42(b)'s criteria needs to be met to justify bifurcation[8] and I can bifurcate a trial sua sponte,[9] any decision is "dependent on the facts and circumstances of each case."[10]

The parties' proposed joint and separate jury instructions provide a rough roadmap for the upcoming trial. Their instructions suggest that Hunt will be urging the jury to consider not only punitive damages, but compensatory, nominal, and presumed damages as well. To make straight on Hunt's roadmap those avenues to various sorts of damages is the task his counsel face. I am confident they are up to it. And I am similarly confident in looking at their own proposed jury instructions on damages that the two individuals Hunt has sued will put up as many roadblocks as possible. They may even try to persuade the jury that the avenues Hunt invites them to explore are nothing but dead-ends. I'll leave strategy to able counsel.

With this rough roadmap in mind, however, the last point Hunt makes in opposition to Ashcraft's motion tilts the scale against bifurcation—that "nominal, compensatory, presumed and punitive damages … will turn on the same evidence."[11] Counsel may well

---

[7] *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (citing *Davis v. Freels*, 583 F.2d 337, 343 (7th Cir. 1978)).
[8] *Saxion*, *id*. (citing *MCI Communications Corp. v. American Telephone & Telegraph Co.*, 708 F.2d 1081, 1177 (7th Cir.), *cert. denied*, 464 U.S. 891 (1983)).
[9] *Saxion*, *id*.
[10] *Id*. (citing *Idzojtic v. Pennsylvania R. Co.*, 456 F.2d 1228 (3d Cir. 1972)).
[11] ECF #94, at 6.

have tipped their hand here as to their strategy, but I have no reason to doubt they will take this approach. With that said and given the fact that neither side expects this trial to take more than several days, bifurcation of the sort Ashcraft seeks cannot achieve any of the objectives set forth in Rule 42(b).

## IV.

For the reasons sets forth above, I deny Ashcraft's motion to bifurcate the punitive damages phase of the upcoming trial.

IT IS SO ORDERED.

Dated: November 18, 2019          s/ William H. Baughman, Jr.
                                                            United States Magistrate Judge